**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6565 W. Sunset Blvd., Ste. 410
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
MAX WILD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX WILD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROFESSIONAL RECOVERY SERVICES, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

///
///
///
///
///

**CLASS ACTION COMPLAINT**
-1-

Plaintiff, MAX WILD ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of PROFESSIONAL RECOVERY SERVICES, INC., ("Defendant" or "PRS"), in negligently, knowingly, and/or willfully communicating with Plaintiff and failing to provide Plaintiff with meaningful disclosure of the nature or purpose of Defendant's calls in violation of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under *15 U.S.C. §1692k(d)*.

3. Venue is proper in the United States District Court for the Central District of California because Plaintiff, a resident of Los Angeles County, resides here and Defendant does business within the state of California and this Judicial District.

## PARTIES

4. Plaintiff, MAX WILD ("Plaintiff"), is a natural person residing in West Hollywood, California and is a "consumer" as defined by the FDCPA, *15 U.S.C. §1692a(3)*.

5. At all relevant times herein, Defendant, PROFESSIONAL RECOVERY SERVICES, INC. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *15 U.S.C. §1692a(5)*. Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, *15 U.S.C. §1692a(6)*.

///

# FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone number ending in 4208.

8. The debt Defendant is attempting to collect is an allegedly past due account stemming from a personal credit account allegedly owed to Bank of America.

9. The alleged debt is a "debt" as defined by the FDCPA as the alleged debt is an individual consumer credit account used primarily for personal, family and/or household use/purposes.

10. Defendant called Plaintiff's telephone number in an attempt to collect the alleged debt and, when Plaintiff did not answer said calls, left voice messages on Plaintiff's telephone in connection with the collection of the aforementioned debt. In all, Defendant has left at least two (2) such voicemails on Plaintiff's telephone in connection with the collection of the alleged debt owed within the past one year from the date of filing.

11. Each and every voicemail that Defendant left for Plaintiff was exactly the same verbatim. The voice messages left on Plaintiff's telephone, stated as follows:

> The Message is for Max Wild. My name is Marcile and I'm calling from PRS. Please return my call to (866) 784-1160 extension 3133.[1]

///

///

---

[1] Plaintiff is in possession of true and correct copies of Defendant's messages and can provide a copy of said messages via Compact Disc ("CD") to this Honorable Court upon request.

12. Defendant's voice messages described above were left on Plaintiff's phone on August 4, 2014 at 7:51pm and August 12 at 7:58pm.

13. The voice messages left by Defendant's employee is a scripted message that Defendant has trained all of its employees to leave this identical message for all class members. It is Defendant's internal policy and procedure to leave this scripted and re-approved message each and every time one of Defendant's employees leaves a voicemail message on a consumer's telephone relating to the collection of a debt. This is further evidenced by the fact that each of the two (2) messages described above were identical to one another.

14. Defendant's voice messages do not alert Plaintiff as to the purpose or reason for the Defendant's telephone calls. Defendant's voice messages do not advise Plaintiff in any fashion as to the reason for Defendant's call whatsoever (i.e., that Defendant is calling in regards to the collection of a debt).

15. Defendant's voice messages do not alert Plaintiff that Defendant is a debt collector.

## **CLASS ALLEGATIONS**

16. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone call from Defendant, which resulted in Defendant leaving a voice message that is identical or substantially similar to those Plaintiff received from Defendant, which failed to inform said person of the nature or purpose for Defendant's call, or that Defendant is a debt collector, within the one year prior to the filing of this Complaint

///

1      17.    Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone call from Defendant, which resulted in Defendant leaving a voice message that is identical or substantially similar to those Plaintiff received from Defendant, which resulted in Defendant leaving a voice message which failed to inform said person of the nature or purpose for Defendant's call, or that Defendant is a debt collector within the one year prior to the filing of this Complaint

       18.    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

       19.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

       20.    Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

              a.     Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said residents of the nature or purpose for Defendant's calls, or that Defendant is a debt collector;

              b.     Whether Defendant has communicated with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform

said consumers of the nature or purpose for Defendant's calls, or that Defendant is a debt collector; and

   c. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

21. As a person that received collection calls from Defendant wherein Defendant fails to inform him of the nature or purpose for Defendant's calls, or that Defendant is a debt collector, Plaintiff is asserting claims that are typical of The Class.

22. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

///

25. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## COUNT I:

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

27. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

   a) Placing telephone calls without providing meaningful disclosure of the caller's identity (§1692d(6));

   b) Failing to advise a consumer in all subsequent communications that Defendant is a debt collector (§ 1692e(11)); and

   c) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11));

28. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

29. As a direct and proximate result of Defendant's violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* Plaintiff and the members of the Class have suffered injury, and may recover from Defendant up to one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

30. The violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that

Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
2. For statutory damages up to $1,000.00 per class member, or of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;
3. For reasonable attorneys' fees and costs of suit;
4. For such further relief as this Court deems necessary, just, and proper.

Date: April 23, 2015                          **MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff